A. J. Buffington, Respondent, v. South Missouri
Land Company, Appellant.

### St. Louis Court of Appeals, April 19, 1887.

1.  Practice—Party in Interest Must Sue.—There can be no re-
    covery, where the uncontroverted evidence shows that the plain-
    tiff had, prior to the bringing of the suit, assigned the claim in
    controversy to a third person.

2.  Evidence—Settlement, Conclusive When.—An itemized set-
    tlement, agreed upon between the parties thereto, is, in the ab-
    sence of fraud or mistake, conclusive of the matters therein
    stated.

Appeal from the Howell County Circuit Court, J.
R. Woodside, Judge.

*Reversed and remanded.*

B. F. Olden, for the appellant: The real party in
interest must sue. *Gardner v. Armstrong*, 31 Mo. 535 ;
Rev. Stat., sect. 3462. A final settlement of accounts
between the parties is conclusive of the facts therein
stated, and can not be contradicted by parol evidence.
*Clannengen v. Gensse*, 1 Mo. 141; *Ashley v. Bird*, 1
Mo. 640; *Lane v. Price*, 5 Mo. 141; *Woodward v.
McGaugh*, 8 Mo. 161; *James v. Jeffreys*, 17 Mo. 577 ;
*Bence v. Beck*, 43 Mo. 266; *Madock v. Ganahl*, 47 Mo.
135 ; *Grumley v. Webb*, 44 Mo. 444; *Bonnell v. Cham-
berlain*, 25 Conn. 487; *Pickel v. Chamber of Commerce*,
10 Mo. App. 191.

Charles Claflin Allen, of counsel for the appel-
lant: Every action must be prosecuted in the name of
the real party in interest. Rev. Stat., sect. 3462;
*Hutchings v. Weems*, 35 Mo. 285 ; *Goodger v. Finn*, 10
Mo. App. 226 ; s. c., 17 Mo. App. 23 ; *Snyder v. Rail-*

*road*, 86 Mo. 613.    The suit should have been brought in the name of the assignee.    *Brady v. Chandler*, 31 Mo. 28.    It was for the court to say, under the evidence, whether the plaintiff was the real party in interest. *Williams v. Whitlock*, 14 Mo. 552.    The plaintiff's receipt, on the account stated, was conclusive against him.    *Pickel v. Chamber of Commerce*, 10 Mo. App. 191.

LIVINGSTON & PITTS, for the respondent: While the receipt introduced by the defendant was foreign to the subject matter of this suit, yet it was only *prima facie* evidence of the facts therein contained, and was subject to be explained or rebutted.    *Riley v. Kershan*, 52 Mo. 224; *Bigbee v. Coombs*, 64 Mo. 529; *Carpenter v. Jamison*, 6 Mo. App. 216.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff sues for three hundred and seventeen dollars—"balance on railroad ties sold and delivered to the defendant, at its instance and request."    The petition refers to an itemized account therewith filed, but no such account appears in the transcript.    The answer is a general denial.    The plaintiff testified that he furnished, in the years 1884 and 1885, 2,769 ties, the agreed prices for which amounted to six hundred and seventy-five dollars, and that he had received, in all, from the defendant, three hundred and fifty-eight dollars, leaving a balance due him of three hundred and seventeen dollars.    The defendant's testimony tended to prove that the plaintiff had furnished only 2,616 ties, for which he had been paid the sum of $569.40, leaving an acknowledged balance due him of $6.48.    The verdict and judgment were in favor of the plaintiff for $306.25.

The testimony tended to show that the defendant had been garnished, on account of an indebtedness due from the plaintiff, and had paid three hundred and fifty dollars to the constable, in satisfaction of the garnish-

ment. A receipt and account, signed by the plaintiff, were put in evidence, as follows .

"Burnham Mill, Mo., July 6, 1885.

"Received of H. H. Hunnewell, Charles Marriam, and Nathaniel Thayer, trustees of the South Missouri Land Company, six and $\frac{90}{100}$ dollars, for making and delivering ties, as shown by the following statement of account, which is hereby acknowledged to be correct:

| | |
|---|--:|
| "Jan.—By 808 ties, at 25 cts., $202.—85 ties, at 9 cts., $7.65. Shipped in January, 1885....................... | $208 65 |
| "March.—By 1,082 ties, at 25 cts., $270.50.—86 ties, at 9 cts., $7.74. Shipped in March, 1885............ | 278 24 |
| "April.—By 240 ties, at 25 cts., $60.00. 239 ties, at 9 cts., $21.50. Shipped in April, 1885.................... | 81 50 |
| "Dec., 1884.—To Burnham store supplies furnished...................$ 13 00 | |
| "Jan., 1885.—To Burnham store supplies furnished................... 2 50 | |
| "Feb., 1885.—To Burnham store supplies furnished.................. 3 45 | |
| "Feb. 5, 1885.—To cash.............. 193 55 | |
| "June 10, 1885.—To cash paid W. R. Stills, which payment is hereby approved.................... 350 00 | |
| Balance.......................... | .$6 90 |
| [Signed] A. J. Buffington." | |

The only testimony which tended to impeach the correctness of this account appeared in the plaintiff's oral statement of differing quantities and amounts, and his further statement, in testifying that he "did not understand it to be a receipt in settlement of all ties made up to the date of the receipt." The court gave, for the plaintiff, an instruction, in these words:

"A receipt is only *prima facie evidence* of the facts therein contained, and is subject to be rebutted, explained, or overcome, by other testimony."

This sweeping declaration of the effect of "other testimony" left the jury without any intimation as to what sort of facts, if proved to their satisfaction, would be competent to overcome the purport of the receipt, and the account embodied with it.   There was no pretense of fraud or mistake in the settlement.   The jury were left· at liberty to set aside, and annul, the settlement deliberately agreed upon by the parties, and authenticated by the plaintiff's signature, upon the strength of any statement, or facts, however irrelevant, which they might suppose not to be accordant with the writing.   The opinion of this court, in *Pickel v. Chamber of Commerce* (10 Mo. App. 191), is conclusive against the attacking of such a settlement, "except upon clear proof of fraud, or mistake, or of an express understanding that certain matters were left open for future adjustment."   The instruction here given was erroneous, in permitting a latitude far beyond the limits which the law has carefully prescribed.

The plaintiff said, in his testimony:   "I gave Mr. Jennings a bill of sale on all those ties, and authorized him to collect all that might be found due on them." G. E. W. Jennings testified:   "I received a bill of sale from Buffington for 2,647 ties made by him, and 122 made by Dempster."   The defendant asked for, and the court refused to give, the following instruction:

"The court further instructs the jury that, if they find, from the testimony, that Buffington gave Jennings a bill of sale for the ties in controversy, and authorized the said Jennings to collect what might be found due on the said ties, then Buffington is not a proper party to this suit, and can not recover judgment for any amount."

This refusal was error.   If the plaintiff had, before suing, parted with all his interest in the subject matter

of the suit, there was nothing remaining to him upon which he could maintain an action.

With the concurrence of the other judges, the judgment is reversed and the cause remanded.